**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:09-cr-00087-HDM-VPC |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| SEAN FOLLETT, | ) | |
| Defendant. | ) | |

On August 1, 2012, the defendant filed a "motion for sentence modification" (#36), asking that his sentence in this case be modified to run concurrently to his state court sentence. On September 17, 2012, the court denied the motion in part on the grounds that it lacked authority to correct defendant's sentence under Federal Rule of Criminal Procedure 35(a).[1]

On January 2, 2013, defendant filed a motion entitled "'nunc pro tunc petition.'" (#40 & #41). The government has opposed

---

[1] The court recognized that defendant might be asserting a claim pursuant to 28 U.S.C. § 2255 and directed defendant to file a supplement on or before October 17, 2012, setting forth with particularity why the motion should not be dismissed as untimely. After defendant failed to file any response to the court's order by the deadline, the court denied the remainder of defendant's motion (#36).

1

defendant's motion (#42), and defendant has replied (#45).

To the extent defendant's motion may be construed as seeking an order from this court directing his federal sentence to run concurrent to his state sentence, the motion is **DENIED** for the same reasons set forth in the court's order dated September 17, 2012.

To the extent defendant seeks a *nunc pro tunc* designation of the state prison where he is currently serving a state sentence as the facility for service of his sentence in this case, the motion is also **DENIED** as defendant must first present such a request to the Bureau of Prisons.[2]

Finally, to the extent defendant seeks credit for time served in state prison toward his federal sentence, the motion is also **DENIED**. *Clark v. Floyd*, 80 F.3d 371, 372, 374 (9th Cir. 1995), cited by defendant, does not support any such relief in this case.

In accordance with the foregoing, defendant's motion (#40 and #41) is **DENIED**.

**IT IS SO ORDERED.**

DATED: This 21st day of February, 2013.

*Howard D McKibben*
UNITED STATES DISTRICT JUDGE

---

[2] Although defendant appears to believe he must secure a recommendation from this court before presenting his request to the Bureau of Prisons ("BOP"), Program Statement § 5160.05 indicates that when BOP receives a *nunc pro tunc* designation request from an inmate, the BOP will contact the court to ask if it has any objections to such a designation. BOP Program Statement § 5160.05(9)(b)(4)(c); *see also Reynolds v. Thomas*, 603 F.3d 1144, 1150 (9th Cir. 2010).

2